TALMADGE STEVENS, Appellant, *v.* LEONIDAS C. BRADLEY, for the use of B. T. Hunt, Appellee.

APPEAL FROM COOK.

Where a party sold merchandise, receiving part pay in real estate, the residue to be paid by indorsed notes, if the vendor takes notes without an indorsement, and expresses satisfaction with them, the vendor cannot afterwards recover of the purchaser the amount paid by said notes.

If any recovery could be had, it would only be upon a cancellation of or return to the purchaser, at or before trial, of the notes given; the return after the trial would be too late.

THIS action was assumpsit, commenced in the Cook Circuit Court by attachment.

The declaration contains two counts upon a special executory contract for the sale of goods, and the common counts.

The first special count was, in substance, that on the 29th day of December, 1856, in consideration that the plaintiff, at the request of defendant, would sell and deliver to defendant a certain quantity of goods, viz.:—all and singular the entire stock of boots and shoes, then being in a certain building, occupied by plaintiff, in the city of Chicago, at a price then agreed upon, of six thousand eight hundred and forty-one dollars, and seven cents, the said defendant undertook, etc., to pay for said goods by forthwith conveying to plaintiff his (defendant's) interest in certain real estate, situate in Chicago, with a certain building thereon, for five thousand dollars of the price of said goods, and by also making and procuring within one week from that time, nine promissory notes, dated the 25th December, 1856, made by defendant, and indorsed by one A. M. Tucker of Beaver Dam, Wisconsin, payable to the order of plaintiff—the first of said notes to be for two hundred dollars, payable in two months from date; the second for the same sum in three months; the third for the same sum in four months; the fourth for the same sum in five months; the fifth for the same sum in six months; the sixth for the same sum in seven months; the seventh for the same sum in eight months; the eighth for the same sum in nine

months; the ninth for the sum of two hundred and forty-one dollars and seven cents, payable in ten months from said date. That on the 29th December, 1856, the plaintiff, under said agreement delivered the said goods to defendant, and defendant conveyed to plaintiff said real estate and building. That after the lapse of one week the plaintiff requested the defendant to make and procure to be indorsed, and deliver to plaintiff said nine promissory notes; that defendant refused, and did not then or at any other time deliver said notes, or any or similar notes to plaintiff, and by reason thereof plaintiff had been deprived of the use and benefit of said notes.

The second count is like the first, except that it is averred that the said nine promissory notes were to be delivered to plaintiff on or before the 29th day of December, 1856, and that it was thereafter agreed that if plaintiff would deliver the possession of said goods, that defendant would procure and deliver said notes indorsed by Tucker within one week: breach the same as first count.

The defendant pleaded the general issue and a plea of set-off. To which last mentioned plea the plaintiff replied by traversing the indebtedness.

On the 9th day of January, 1858, the cause was tried before the court and a jury, MANIERRE, Judge, presiding.

The court, at the request of the plaintiff, gave the following instructions to the jury :

1st. If the jury believe, from the evidence, that the sale of goods mentioned in the declaration, was made as agreed in the declaration, and that the nine notes were by the terms of that contract of sale, to be made and delivered in one week alleged in the declaration, and that said contract was broken on the part of the defendant, and that said notes were not made and delivered as agreed upon, nor any of them, within the period agreed upon, then the jury are to find for the plaintiff, and the sale is to be treated as a cash sale, and the measure of damages is the sum total of all the notes so agreed to be delivered, with interest from and after the lapse of the day when the contract was to have been performed.

2nd. If the jury believe, from the evidence, that Stevens was to give his own notes indorsed by Tucker, within the time stated in the declaration, for $1,841.07, to Bradley, that Stevens failed to give these notes as agreed, the jury must find for the plaintiff and treat the sale as a cash sale, and assess the plaintiff's damages at the amount for which the notes were to be given, with interest on that amount from the time when the contract was broken.

3rd. If the jury find, from the evidence, that the notes given

by the defendant to the plaintiff were within the power and control of the plaintiff to be surrendered up and canceled, and have not been transfered, then the rights of the plaintiff are not to prejudiced, if he is entitled to recover on the evidence, by a failure to tender them to the defendant at this moment.

The defendant's counsel requested the court to instruct the jury as follows, which the court refused to do:

" That unless the jury believe, from the evidence, that the notes given to Bradley by Stevens were delivered back to Stevens before the commencement of this suit, then they will find for the defendant.

" That unless the jury believe, from the evidence, that the notes made by Stevens and delivered to Bradley, were delivered or tendered to Stevens before or at the trial of this cause, they will find for the defendant.

" That if the jury believe, from the evidence, that the plaintiff in this case, transferred or parted with the notes, they will find for the defendant."

The jury found for the plaintiff and assessed his damages at one thousand nine hundred fifty-one dollars and fifty-three cents.

The defendant's counsel thereupon moved the court for a new trial, which motion the court overruled.

The defendant prayed this appeal.

Scates, McAllister & Jewett, for Appellant.

Mather and Taft, for Appellee.

Walker, J. The appellant urges a reversal of the judgment in this case, because he was not in default when the suit was instituted. The evidence shows that appellee sold to appellant a stock of merchandise and received as a portion of the consideration real estate, and was to receive the balance in notes, with Tucker as security, due at different times, from two to ten months from the date of the sale. But by some subsequent arrangement, he received appellant's notes for the amount, to be held until the others were procured.

Porter testified, at the time of the purchase it was agreeed that the notes were to be given, with Tucker as security, within a week from that time.

Thomas testifies, that appellant was to give Tucker's notes indorsed by himself, and that he stated, that he expected to receive them by the time the invoice was completed. But that the notes were not received until after appellant had gone to New York, and about the 7th of January, and that witness showed them to appellee, and asked if he should send them to

New York for appellant's indorsement, when appellee said that when appellant left it was arranged that he should indorse them on his return; and appellee also stated that the notes were satisfactory, and he then received them. Appellee also informed the witness that before appellant left he had executed his notes, which he was to hold until the others were arranged, and the witness learned from him that these notes were in bank. This witness also testifies, that when appellant returned from New York he said to appellee that he was ready to do as he agreed, as to giving his indorsement on Tucker's notes, and taking up his own. That appellee said but little on that occasion. It does not appear that any of these notes were returned before or at the trial. The evidence of this witness is uncontradicted and he stands unimpeached.

Whatever may have been the first arrangement between the parties, we think it evident that, when appellee received the notes of appellant he then was to hold them until appellant's return from New York, when these notes were to be exchanged for those of Tucker indorsed by appellant. And when appellant offered to indorse them, he had fully performed his part of the agreement. If such had not been the arrangement, it is unaccountable why he should have expressed satisfaction with, and why he received Tucker's notes. It is also a pregnant fact, that the notes of appellant were placed in the bank for collection by Hunt, who must have received them from appellee. We are at a loss to perceive any, even the slightest grounds to insist upon a recovery, when he was holding the notes of Tucker for the amount of his claim, and had parted with the notes of appellant, for the same amount, to Hunt, who had placed them in the bank for collection. He knowingly and understandingly accepted Tucker's notes, and although it may have been after the day, and the notes may not have been in the form previously agreed upon, by the acceptance, he waived the right of objecting to the notes as not being in compliance with the contract. He should have refused to receive them—but neglecting to do so he cannot be heard to say the appellant has failed to perform his part of the agreement, or that the notes are insufficient.

Even if the appellant had failed to comply on his part, a recovery could not be had for the balance of the price of the goods, without a surrender and cancellation of these notes. It might have been sufficient to have done so on the trial before the case was submitted to the jury; but that was not done, and having failed to do so, the court should have excluded the appellee's evidence on the motion made for that purpose. Nor has the error been cured by surrendering them in court after the jury had returned their verdict. *Harris* v. *Johnston*, 3 Cranch,

311. The notes in this case, when the action was brought and until the first trial in this case, were in the hands of Swift, a banker, and deposited there by Hunt for collection. They do not appear to have been under the power or control of appellee, but rather under that of Hunt, but whether he held them by indorsement or as collateral security does not appear from the evidence. The evidence therefore did not warrant the giving the plaintiff's third instruction. And the instructions that in case the jury found for the plaintiff that they should give interest from the date of the sale were erroneous, as this was a sale on credit, and until the time of the credit expired, no interest was chargeable, even if the appellee had a right to maintain this action.

The judgment of the court below must be reversed and the cause remanded for further proceedings.

*Judgment reversed.*