PATRICK TIERNAN *et al.*

*v.*

ELIHU GRANGER.

1. SPECIFIC PERFORMANCE—*contract must be proved as laid.* On bill for the specific performance of a contract, whether it be for the sale of land or the giving of a chattel mortgage to secure an indebtedness, the contract must be proved as laid in the bill; and where the decree finds the contract materially and substantially different from the one stated, the error will be fatal.

2. STATUTE OF FRAUDS—*what will take case out of.* A contract by which the complainant was to sell and set up for the defendants certain machinery and fixtures, to be paid for in installments, the last of which was to fall due fourteen months after the date of the contract, the payments to be secured by chattel mortgage on the machinery when set up, is within the statute of frauds; but if the defendants, being insolvent, should, under such agreement, obtain the machinery and fixtures, and then refuse to give the mortgage, it would be a fraud upon the complainant for which he could have no adequate remedy at law, and a court of equity would not only take jurisdiction, but would not permit the defendant to avail of the statute.

3. EVIDENCE—*to vary written contract.* Where a party, in his pleading, sets up and relies on a contract reduced to writing, he will not be allowed, by parol evidence, to show a different contract in essential particulars.

4. VENDOR AND VENDEE—*measure of seller's recovery.* There is no recognized principle upon which the seller, either in an action at law for damages, or in equity for specific performance, can be placed in a better position than he would have occupied, if the purchaser had performed.

352      Tiernan *et al. v.* Granger.      [Sept. T.,

Opinion of the Court.

Writ of Error to the Circuit Court of Cook county; the Hon. Erastus S. Williams, Judge, presiding.

Mr. William T. Burgess, for the plaintiffs in error.

Messrs. Linder & Munn, for the defendant in error.

Mr. Justice McAllister delivered the opinion of the Court:

This was a suit in equity, brought in the Cook county circuit court October 18, 1869, by Granger against Tiernan & Muldoon and another, to enforce the specific performance of a contract relating to personal property. The contract laid in the bill was, that about February 17, 1869, Granger entered into a contract of sale with Tiernan & Muldoon whereby he was to sell them, for the sum of $1500, certain machinery and fixtures, specifying it to be set up by Tiernan & Muldoon, at No. 138 South Water street, Chicago, and when set up, the latter were to secure said sum by chattel mortgage for the payment of said $1500, as follows: $400, payable May 1, 1869; $400, payable August 17, 1869; $400, payable February 17, 1870, and $300, payable August 17, 1870, with interest upon said payments, *after due,* at ten per cent per annum. A substantial memorandum of which agreement was then and there made in writing by one Elias Shipman, in Granger's account book, at the request of the parties, a copy of which is therewith filed, marked exhibit "A," and made part of the bill. The exhibit shows the terms of the contract as above set forth.

The bill alleges that Granger began to put in the machinery, etc., under the agreement, about February 18, 1869, and about April 20, 1869, had it in running order; that he thereupon demanded of Tiernan & Muldoon their several promissory notes for said specific payments, and the execution of a chattel mortgage for the payment thereof, which they refused to give.

The bill admits a payment of $415; alleges that there is a balance of $1085 due complainant, and interest, according to the terms of the contract. The bill also alleges that, at the time of the sale, plaintiff was informed that Tiernan & Muldoon were pecuniarily irresponsible, and for that reason it was distinctly understood that he was to have a lien on the machinery for the purchase money.

Prayer for specific performance and general relief.

Although there was no prayer for an injunction, there was nevertheless an injunction issued, upon the day of filing the bill, enjoining the defendants from removing, selling or disposing of the machinery, etc.

The defendants filed an answer denying the making of the contract or said memorandum, as alleged, and fully answering all the allegations of the bill.

Upon replication filed, the cause was referred, by agreement of the parties, to the master to take the proofs, and report same and facts to the court. This report is incorporated into the decree. It finds that a contract of sale was made February 17, 1869, and sets forth the terms as proved, which are substantially as set out in the bill, with the material addition and variation following: It finds, as part of the agreement, that Tiernan & Muldoon were, upon the machinery being put up, to execute and deliver to complainant their four promissory notes, in writing, of the date first aforesaid (February 17, 1869·, the first three of which for $400 each, and the last for $300; said notes to be payable to the order of complainant, ·with interest at the rate of ten per cent per annum, to May 1st, 1869, August 17, 1869, February 17, 1870, and August 17, 1870, and that Tiernan & Muldoon were to secure these notes by chattel mortgage.

There is no allusion to notes in the contract, either as laid in the bill, or in the alleged written memorandum of the agreement, which was made a part of the bill, and, by both, the installments were to draw interest only *after due.*

23—65th Ill.

The agreement is one which was not to be performed within the space of one year from the making thereof. It was, therefore, within the statute of frauds.

The bill alleges complete performance of it by complainant, which is sustained by the proof. Then, if the purchasers were insolvent, but having, under an agreement to give the chattel mortgage, obtained the possession of machinery and fixtures, they then refused to give it, this would be a fraud upon the complainant, for which he would have no adequate remedy at law, and a court of equity would not only take jurisdiction, but would not permit the defendants to avail themselves of the statute of frauds.

But the contract must be proved as laid. This is the rule in suits to enforce specific performance of oral contracts for the sale of lands, and is equally applicable here. *Lester* v. *Foxcroft,* 1 Lead. Cas. in Eq. 737, and cases cited.

The decree finds a contract made between the parties substantially and very materially different from that laid in the bill. The bill alleges that a substantial memorandum of the agreement was made at the time, in writing, by the agent of all the parties, and that writing is made a part of the bill, but by which no allusion is made to any promissory notes, and it expressly appears that the several installments of purchase money were not to draw interest until after they respectively came due.

According to the contract set out, the decree is clearly erroneous. If the contract, as laid, had been specifically performed, the complainant would have been entitled to interest only after the respective installments came due. But by the decree he is allowed interest on the purchase money at the rate of ten per cent per annum from February 17, 1869, the time of making the contract. This was wrong. There is no recognized principle upon which the seller, either in an action at law for damages, or suit in equity for specific performance, can be placed in a better position than he would have

occupied, if the purchaser had performed. This point was expressly adjudicated in *Stevens* v. *Bradley*, 22 Ill. 244, although it does not appear in the reporter's note of the case.

But the allowance of interest from the time of making the contract embraces a two-fold error. Complainant relied upon a contract reduced to writing and set out in the bill. Then, in violation of an elementary rule of pleading and evidence, he established, by proof, a different contract, in essential particulars, from that set out, and in doing so, added to and varied a written contract, by parol evidence.

The decree is manifestly erroneous, and must be reversed, and the cause remanded.

*Decree reversed.*