## George B. Pyle v. John M. Crebs and Augustus Patrick, etc., et al.

1. ELECTION OF REMEDIES—*when creditor not bound to make.* A creditor having collateral security for his claim is not held to an election of remedies, but may prosecute simultaneously whatever actions in law or in equity are warranted by the principal and collateral obligations.

2. BREACH OF CONTRACT—*remedies for.* Upon a breach of a contract pertaining to the sale or exchange of property, one cannot at the same time or successively maintain an action for damages in a court of law and a bill for specific performance in a court of equity. (So held by way of dicta.)

3. INJUNCTION—*when, does not lie to restrain collection of judgment.* Where it is contended that a judgment at law has been paid, the remedy to prevent the enforcement of such judgment is not by bill in equity to restrain the collection thereof but by the ancient writ *audita querela,* or by motion in the nature of such writ made in the court in which such judgment has been rendered.

Proceeding to enjoin collection of judgment. Appeal from the Circuit Court of White County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the August term, 1903. Affirmed. Opinion filed March 10, 1904.

Ross GRAHAM, for appellant.

C. S. CONGER and N. C. BAINUM, for appellees.

MR. JUSTICE MYERS delivered the opinion of the court.

Appellant filed a bill in the Circuit Court of White County, against the appellees, to enjoin the enforcement of a judgment and for decree that said judgment had been paid and satisfied. Temporary injunction issued. On hearing by court on bill, answer and replication the injunction was dissolved and bill dismissed for want of equity. Complainant appealed.

The following stipulation of facts was filed and certified as part of the record in this case:

"On the 4th day of June, 1900, said Crebs & Patrick obtained a judgment against the complainant George B. Pyle, upon his then indebtedness to them for the sum of $716.40 and costs of suit, upon which judgment execution

Pyle v. Crebs.

was issued on the 4th day of June, 1900, and placed in the hands of the sheriff of White County, Illinois, and that on the 25th day of June, 1900, the said sheriff duly returned said execution into the office of the Circuit Clerk of said county 'not satisfied' by order of plaintiff's attorney.

That on the 23rd day of June, 1900, the said George B. Pyle desiring to sell to William Randolph a portion of his land upon which said judgment remained as a lien, proposed to the said Crebs & Patrick to pay to them the sum of $382.86 upon said judgment, which would leave a balance due at that date, including costs, of $365, and that he would indorse to said Crebs & Patrick a promissory note executed by one William Flynn, dated June 23, 1900, and payable eighteen months after date, said sum of $365 being the same as the amount of balance due on said judgment and costs, if the said Crebs & Patrick would release the lien of their said judgment upon the lands the said Pyle desired to sell to said Randolph, and would postpone the collection of the balance on said judgment until the said Flynn note became due, and if said note or the balance on said note was paid at the maturity of said note, that both of said obligations should be paid and cancelled. Crebs & Patrick received the $382.86 in money and the said note with the positive understanding and agreement that they would not release their judgment, but they would suspend the collection of the balance due on said judgment for eighteen months; that the Flynn note represented the balance due on said judgment and the length of time they would allow the judgment to stand; that said Crebs & Patrick would not issue execution on their said judgment or attempt to collect the same until said Flynn note should become due, but that the judgment should stand in full force and effect, and if the note was not paid at maturity the said Crebs & Patrick should have the right to proceed under their judgment to collect the balance due. Said Flynn note was not paid when due, and on the 26th day of December, 1901, the said Crebs & Patrick sued upon the same in the Circuit Court of White County, and on the 13th day of January, 1902, obtained a judgment thereon against the said George B. Pyle, for the sum of $435.45 and costs of suit; that on the 20th day of January, 1902, an execution was issued on said second judgment, and on the 19th day of November, 1902, an alias execution was issued thereon; that both of said executions were respectively placed in the hands of the sheriff of White County and by him returned 'not satisfied;'

that on·the 27th day of March, 1903, the sum of $74.69 was paid into the office of the clerk of said Circuit Court to be credited on said second judgment. , That afterwards, on the 1st day of April, 1903, Crebs & Patrick sued out an execution on said first judgment, and placed the same in the hands of the sheriff of said White County to execute; which execution was credited by the clerk when issued with the $382.86 paid on June 23, 1900, as above set forth; that on the 9th day of April, 1903, the complainant filed his bill and had the writ of injunction issued in this cause.

It is agreed that the balance on the first judgment of $365 represented the same indebtedness as the promissory note which was put into the judgment as above stated, except as to costs and attorney's fees of said second judgment; that the balance due upon said first judgment has never been paid, but is still due and owing, unless the taking of said Flynn note and taking judgment thereon satisfied the same."

By the express terms of the agreement the consideration of the Flynn note was merely the postponement of collection of balance due on judgment $365, and not the payment or satisfaction of said judgment. Language could hardly be more explicit. Execution was not to issue until said Flynn note became due, but impliedly, and by necessary inference, after the maturity of the note the judgment was to stand and might be enforced by execution the same as before the note was delivered. Nothing in the circumstances, purpose or terms of the agreement are suggestive that the note should be surrendered if not paid when due or that its retention by appellees should, or in law might, operate to satisfy the judgment. Clearly the note must be regarded as additional security for the balance due on the judgment. By this appellant promised to pay the sum specified within eighteen months, failing which, a right of action on the note accrued to appellees. As in all cases where action is brought to realize upon collateral security, the proceeds must be applied in credit or payment of the principal debt. The creditor is not held to an election of remedies but may prosecute simultaneously whatever actions at law or in equity are warranted by the principal and collateral obligations. This is elementary law. So too is the doctrine that

on breach of contract in the sale or exchange of property one may not, at the same time or successively, maintain an action for damages in a court of law and a bill for specific performance of the same contract, as held in Harrington v. Hubbard, 1 Scam. 569, and all subsequent cases found in the Illinois reports where that question may have been involved.    The plaintiff may treat the contract as rescinded and sue for damages, or he may hold to the contract and file a bill for specific performance, but he cannot do both.    The remedies are inconsistent.    In the action at law he would have the contract rescinded, in equity he would have it specifically performed.    In the nature of things he cannot have the double remedy.    In Stevens v. Bradley, 22 Ill. 244, cited by appellant, the suit was brought to recover the value or rather the face amount of certain notes given by the defendant to the plaintiff in the sale and exchange of property.    By the agreement the notes in controversy given by one Tucker were to have been indorsed by the defendant. This was not done within the time required, but the notes without such indorsement were delivered by defendant to plaintiff who accepted and afterwards negotiated them. Plaintiff brought suit for alleged breach of contract by the defendant in failing to indorse the notes according to the agreement, and recovered judgment for their face value with interest.    In reversing this judgment the Supreme Court says :    " He (the plaintiff) knowingly and understandingly accepted Tucker's notes, and although it may have been after the day, and the notes may not have been in the form previously agreed upon, by the acceptance, he waived the right of objecting to the notes as not being in compliance with the agreement or that the notes are insufficient."    Neither facts, issues or principles involved in the Stevens case makes it applicable under the contentions of appellant in this case.

The facts will not authorize equitable relief.    The regularity and validity of the judgment sought to be enjoined is not questioned.    It is not claimed that there was a defense to the action which, by some fortuitous circumstance or otherwise, the appellant was prevented from making at

the proper time.   But it is represented that the judgment
has been paid and ought therefore to be satisfied and dis-
charged of record.   For this there is adequate remedy at
law.   By the ancient writ of *audita querela*, or by motion
in the nature of such writ, which obtains in the practice
of this state, the relief sought by this bill is fully warranted.
Harding v. Hawkins, 141 Ill. 572; Reid v. O'Brien, 86 App.
128; 4 Cyc. 1063, 3b.   Under the statute, sec. 7, chap. 69,
" Only so much of any judgment shall be enjoined as the
complainant shall show himself equitably not bound to
pay," and from the evidence it is clear that the complainant
is equitably bound to pay the balance due upon this judg-
ment.

The decree of the Circuit Court will be affirmed.   -

*Affirmed.*