PAUL BRAUER, Admr., Appellee, *vs.* HENRY D. LAUGHLIN, Appellant.

*Opinion filed June 18, 1908.*

EQUITY—*averments without proof do not justify equity in retaining jurisdiction.* If every averment which would authorize a court of equity to take jurisdiction of a bill to establish a trust and for accounting is found by the court to be not proved, the fact that the proof shows complainant has a legal demand against defendant for money loaned does not justify the court in retaining jurisdiction and entering a money decree, no reason appearing why the remedy at law is not complete and adequate.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

The substance of the pleadings and decree necessary to a decision of this case is as follows:

Sarah Eden filed her bill in chancery in the circuit court of Cook county, against appellant, for specific performance of a contract alleged to have been made between appellant and complainant in the bill, and for an accounting. The bill alleged that the Northern Hotel Company, a corporation, with a capital stock of $700,000, constructed the Great Northern Hotel, in the city of Chicago, and opened the

same on the 15th of June, 1892; that upon the completion
of the hotel said corporation leased it to William S. Eden,
husband of complainant, to be occupied and operated as a
hotel for a period of twenty years; that said William S.
Eden furnished and equipped said hotel and managed and ·
operated the same until in 1899, when complainant acquired
400 shares of the capital stock of said Northern Hotel Com-
pany; that for a number of years she owned 532 of the
7000 shares of the capital stock of said corporation; that
about December, 1899, complainant was informed appellant
proposed to her husband that they purchase a majority of the
stock of said corporation for the purpose of enabling them
to control its management, believing it to be a good invest-
ment; that appellant pretended at the time that he would
advance $150,000 to enable complainant, through her hus-
band and agent, to purchase outstanding stock of the North-
ern Hotel Company, which was selling at from thirty-five to
fifty-five per cent of its face value; that the complainant,.
through her husband and agent, with the assistance of ap-
pellant, purchased about 4000 shares of the stock in addi-
tion to what the complainant already held, with moneys
furnished by complainant and appellant; that said stock
was taken in the name of appellant; that complainant's in-
terest in it was one-half and that appellant was to hold the
said one-half in trust for her, and that, relying upon the
representations of appellant, complainant assigned to appel-
lant all the stock she owned before the agreement was en-
tered into between them, which stock appellant also agreed
to hold in trust for complainant. The bill alleges that in-
stead of the appellant paying out $150,000 for stock, as he
agreed to, he did not pay to exceed one-half that amount;
that at the time complainant assigned her stock to appellant
they entered into an agreement, which was not reduced to
writing, that the complainant should assign to appellant all
stock in her name and cause to be remised to the Northern
Hotel Company the lease made to William S. Eden, and to

be transferred to said Northern Hotel Company, free and clear of encumbrance, all the furnishings and equipment in and about the hotel, and in addition complainant should furnish such sums of money as she was able to furnish toward the purchase of said stock, and appellant agreed to furnish $150,000 to be used in the purchase of stock, including the stock owned by complainant; that all the stock so purchased should be placed in the name of appellant on the books of the company for the purpose of securing and maintaining control and management of the corporation and its affairs, said stock to be owned one-half by complainant and one-half by appellant. The bill further alleges that in conformity with the agreement complainant transferred to appellant, in trust, the stock held by her, caused the lease to be remised to the corporation and the furniture and equipment to be transferred to it, and in addition thereto advanced large sums of money, to-wit, $30,000, in and about purchasing said stock, until 4000 shares, in addition to that owned by complainant, had been purchased by her and appellant; that all of said stock was purchased in the name of appellant and transferred to him on the books of the corporation. It is further alleged that afterwards appellant wrongfully discharged complainant's husband from the position of manager of the hotel, took possession and control thereof himself and began to sell and negotiate sales of the stock alleged to be held in trust, to various parties, and to negotiate loans by using the stock as collateral security; that all of these things had been done without the consent of complainant and the moneys received by appellant therefrom were used by him for his private purposes, and that appellant refused to account to complainant for any of said moneys. The bill prayed that appellant be required by the decree of the court to specifically perform the agreement between him and complainant; that he be required to account to complainant for the stock sold by him and the proceeds thereof, also the stock remaining in his hands, and

that he be decreed to transfer and deliver to complainant her share of said stock so held by him in trust for her, and in all other respects to perform his said agreement.

Appellant answered the bill, denying, specifically, substantially all its material allegations, and averring that in November or December, 1899, at the solicitation of William S. Eden, husband of complainant, he agreed, on certain conditions, to buy a majority of the stock of the Northern Hotel Company if it could be purchased at prices he thought it worth; that appellant proposed to install in the Great Northern Hotel an assistant manager who would loan him $30,000, but that William S. Eden objected to an assistant manager and proposed to the appellant to procure from his (Eden's) friends a loan to appellant of $30,000; that thereupon Eden did procure from certain of his friends a loan to appellant, the amount of which appellant is unable to state, "for the reason that the checks for said sums were to be vouchers to the said persons loaning the said money, and this defendant has been unable to obtain them, and so far as this defendant knows the said sums are still due to said persons so loaning the money." The answer further avers that appellant, with his own money and the money so borrowed, purchased a sufficient number of the shares of stock to answer his purposes, and that the purchases made by him included the stock held by the Edens. The answer avers that all the stock purchased by appellant was paid for by him, on his account and for his own purposes, and denies that he holds said stock, or any part of it, in trust for complainant or that she has any interest in it.

The evidence was heard before the chancellor, and at its conclusion an interlocutory decree was entered June 4, 1904, finding that appellant and Sarah Eden did not enter into an oral contract, as set out in the bill of complaint; that appellant did not agree to assign to Sarah Eden one-half the stock he might thereafter purchase of the Northern Hotel Company, and that appellant was the owner of all

the stock of said corporation purchased by him; that complainant, Sarah Eden, had no interest therein. Said decree further finds that appellant was indebted to Sarah Eden in certain sums of money, the aggregate of which should be determined thereafter, and that said indebtedness was incurred in the following manner: Sarah Eden was the owner of all but two of the shares of stock in a corporation known as the Great Northern Baths; that said corporation earned considerable money, and instead of turning it over to Sarah Eden as dividends, notes of the corporation were given to her, and the money which was due her was left in the control of her husband, William S. Eden; that said William S. Eden made a series of loans of said money to appellant for the purpose of assisting him to buy stock of the Northern Hotel Company; that appellant was informed that the money loaned to him was the money of Sarah Eden and accepted it as such, and that Sarah Eden was informed that her said money was loaned to the appellant and acquiesced in and ratified the transaction, so that the relation of debtor and creditor was established between appellant and Sarah Eden.

Appellant objected to the entry of the said decree and moved the court to dismiss the bill on the ground that the complainant failed to prove her allegations and had failed to establish any ground for equitable relief. The prayer of the bill was amended before the decree was entered, by leave of the court, by adding to it a prayer that appellant also be ordered to account to complainant for the moneys advanced by her for the purchase of the stock of said Northern Hotel Company. Upon the entry of said decree appellant moved the court to refer the cause to a master in chancery as to the matter of accounting, but the court denied this motion, and on December 21, 1904, entered what is called a supplemental interlocutory decree, which is substantially like the first decree entered in so far as it affects the parties to this litigation. In this decree it was ordered that Sarah Eden

have and recover from appellant whatever amount might be found due and owing from him to her on account of advancements and loans made to appellant by Sarah Eden in and about the purchase of stock by appellant in the Northern Hotel Company, said amount to be ascertained from the evidence theretofore taken in the cause and from such other evidence as might be necessary to determine the correct amount due Sarah Eden. On the 27th of January, 1905, a decree was entered by the court finding that appellant was indebted to Sarah Eden for moneys loaned by her to him for the purchase of said stock, with interest thereon, in the aggregate sum of $31,905.09. In this decree it was ordered by the court that the respective parties file their objections and exceptions to the findings made in and by said decree, if they saw fit, within twenty days from the date of its entry, and in default thereof a decree would be entered in accordance with said findings. On March 9, 1905, a final decree was entered overruling the objections and exceptions of appellant and Sarah Eden to the findings in the former decree and ratifying and confirming all the findings and conclusions of law and fact contained in said decree. In the said final decree it was ordered that the complainant, Sarah Eden, have and recover of the appellant said sum of $31,905.09 theretofore found due from him to her, together with interest on said sum at the rate of five per cent per annum from January 30, 1905. In this decree it was recited that Sarah Eden died January 15, 1905, and that Paul Brauer had been duly appointed and had qualified as administrator of her estate, and it was ordered that said administrator be substituted as complainant in the bill and that the cause proceed in his name as administrator of the estate of Sarah Eden, deceased. From that decree appellant prosecuted an appeal to the Appellate Court for the First District. That court affirmed the decree of the circuit court, and appellant has prosecuted a further appeal to this court.

DEFREES, BRACE & RITTER, and RANDOLPH LAUGHLIN, for appellant.

LONGENECKER & LONGENECKER, and WILLIAM J. CANDLISH, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

In our opinion, assuming the facts found by the decrees of the court to be correct, the case made by the proof is not one that calls for or authorizes equitable relief. All the allegations of the bill that authorized a court of equity to take jurisdiction of the case for the purpose of granting the relief prayed were found by the chancellor to be untrue. The bill, on its face, made a case authorizing a court of equity to take jurisdiction, but the case made by the proof was one wherein the complainant had a complete and adequate remedy at law, and was entitled to no relief under the allegations of her bill which authorized a court of equity to take cognizance of it. The court found that there was no trust relation existing between appellant and Sarah Eden with reference to the stock in controversy; that appellant bought said stock for himself and that Sarah Eden had no interest therein. She was not entitled to any of said stock nor to an accounting for the proceeds of any of it sold or disposed of by appellant. The finding was that appellant owed Sarah Eden a sum of money loaned him by her, and a money decree was entered against him for the amount the court found he was indebted to Sarah Eden on account of money borrowed.

The rule is well understood that a party cannot resort to equity for relief when he has a complete and adequate remedy at law. This rule is not disputed by appellee, but it is contended that as the bill to which appellant filed an answer contained allegations which, if sustained, entitled complainant therein to equitable relief, the court properly

retained the bill, and, notwithstanding the proof failed to sustain the allegations upon which complainant relied for equitable relief but did show that appellant was indebted to Sarah Eden for money borrowed, the court properly retained the bill and entered a decree in favor of the complainant therein, and against appellant, for the amount of money so found due, notwithstanding a recovery might have been had in an action at law. In *Toledo, St. Louis and New Orleans Railroad Co.* v. *Railway Co.* 208 Ill. 623, this court said (p. 632) : "While it is true that a court of equity which has jurisdiction of a cause by reason of the existence of some ground of equitable jurisdiction, for the purpose of doing complete justice between the parties, may, in addition to the equitable relief, afford relief of a character which in the first instance is only obtainable in a suit at law, still, to authorize relief of the latter character, some special and substantial ground of equitable jurisdiction must be alleged in the bill and proved upon the hearing. Mere statements in a bill upon which the chancery jurisdiction might be maintained but which are not proved will not authorize a decree upon such parts of the bill as, if standing alone, would not give the court jurisdiction." The Supreme Court of the United States said in *Dowell* v. *Mitchell*, 105 U. S. 430: "The rule is, that where a cause of action cognizable at law is entertained in equity on the ground of some equitable relief sought by the bill, which it turns out cannot, for defect of proof or other reason, be granted, the court is without jurisdiction to proceed further, and should dismiss the bill without prejudice,"—citing authorities. In *Carlson* v. *Koerner,* 226 Ill. 15, this court said (p. 21) : "The mere allegation of irreparable injury, while it may be sufficient to give a court of equity jurisdiction upon the face of the bill, is not sufficient upon the final hearing unless sustained by proof." This rule is sustained also by 16 Cyc. 111, *Tiernan* v. *Granger,* 65 Ill. 351, and cases cited by the court in *Toledo, St. Louis and New Orleans*

*Railroad Co.* v. *Railway Co. supra,* and which need not be again here cited.

No reason appears, either from the proof or decree, why the remedy of Sarah Eden was not as complete and adequate in a proceeding at law as in a suit in equity. The decree finds that the money loaned by her to appellant was loaned by her husband, acting as her agent, and it is not contended that they did not have full and complete knowledge of the matter and of the amounts. In fact, the proof shows that the evidence by which this claim was held to be established was furnished by the books and accounts kept under the direction and by the agent of William S. Eden, and they were in his and his wife's possession at the time the proof was heard in this case. According to the proof as found by the court the transaction was a simple loan without security, by way of a lien created against property or otherwise. No reason exists why a judgment could not have been as readily obtained in an action at law as in a suit in equity, nor is it perceived why a judgment in a court of law would not be as efficacious as a money decree in a court of chancery. "Where compensation in money will afford a party complete and efficient relief the law is usually adequate for that purpose, and plaintiff will be relegated thereto if the legal remedy is unimpeded. Thus, general assumpsit or the common counts having at an early date been adapted to the enforcement of equitable demands on equitable basis of compensation, must be resorted to where available. This is true even where plaintiff claims a specific fund, or a part of a specific fund, which defendant has received, provided no further equity exists." 16 Cyc. 45. See, also, *Crane* v. *Lord,* 101 Ill. 41, and *Ramsay* v. *Clinton County,* 92 id. 225.

The recovery here allowed is upon a purely legal demand, and if an action had been brought at law, either of the parties would have been entitled to a jury on the trial. Courts will not permit parties to sue in chancery, and upon

failure to establish any basis for equitable relief have the bill retained for the purpose of a recovery upon a purely legal demand. To allow this to be done would be to deprive the defendant of his constitutional right of trial by jury. We said in *County of Cook* v. *Davis,* 143 Ill. 151, (p. 154): "Where a court of law is competent to afford an adequate and ample remedy, courts of equity will remit the parties to the courts of law, where the right of trial by jury is secured to them. In such cases either party has a right to demand that the matter of the defendant's liability be submitted to a jury according to the course of the common law, and unless some special and substantial ground of equity jurisdiction be alleged, and, if necessary, proved, such as that a lien exists for the money demand which can not be adequately enforced at law, or that discovery is necessary to a recovery by complainant, or other like equitable considerations affecting the adequacy of the remedy at law, courts of equity will decline to interfere. These principles are familiar to every lawyer, and have frequently received approval in this court.—*Taylor* v. *Turner,* 87 Ill. 296; *Victor Scale Co.* v. *Shurtleff,* 81 id. 313; *Gore* v. *Kramer,* 117 id. 176; *Buzzard* v. *Houston,* 119 U. S. 347; *Russell* v. *Clark,* 7 Cranch, 69." We have held that a court of chancery has power, where any equitable conditions exist authorizing it, in order to do complete justice between the parties, to enforce legal as well as equitable rights, but the equitable conditions authorizing it depend upon the proof and not upon the bare allegations of the bill.

Sarah Eden having failed to prove any allegation of her bill which authorized a court of equity to take cognizance of it, the chancellor erred in retaining it for the purpose of enforcing purely legal rights.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause remanded.

*Reversed and remanded.*