Annie Dilatush, Executrix of the Estate of Frank V. Dilatush, Deceased, Appellee, v. Roland Salyers, Executor of the Estate of John A. Salyers, Deceased, Appellant. William Dighton et al., Appellees. J. R. Drake, Receiver of the First National Bank of Monticello, Appellee and Cross Appellant.

Gen. No. 8,940.

Opinion filed April 17, 1936.

W. A. Doss and B. E. Morgan, both of Monticello, for appellant.

Frank J. Thompson and Robert F. White, both of Sullivan, for cross appellant J. R. Drake.

E. J. Hawbaker, of Monticello, and O. B. Dobbins, of Champaign, for appellee Annie Dilatush.

Mr. Justice Fulton delivered the opinion of the court.

On May 22, 1933, the appellee, Annie Dilatush, executrix of the estate of Frank V. Dilatush, deceased, filed a bill in the circuit court of Piatt county, asking for discovery, an injunction and relief against John A. Salyers, William Dighton, William Steele, Frank Hetishee, the executor and executrix of the estate of George B. Noecker deceased, the First National Bank of Monticello and Jacob Drake, conservator. The defendants Dighton, Steele, Hetishee and the executor and executrix of the estate of George B. Noecker are not interested in this appeal. Later on Jacob Drake, conservator, succeeded himself as receiver of the First National Bank, John A. Salyers became deceased and his executor, Roland B. Salyers, was substituted. These last two named persons in their official capacity are each separate appellants from the decree rendered in the circuit court in favor of the appellee, Annie Dilatush, as executrix.

Demurrers were sustained to the original bill and the appellee filed an amended and supplemental bill of complaint alleging substantially the same state of facts and attaching specific interrogatories to be answered by various defendants touching the transactions complained of in the amended bill. The prayer for relief contained in the amended bill was that the defendants make full, true and complete discovery of the several matters inquired of; that John A. Salyers be restrained, by injunction, from further proceeding at law in the county court of Piatt county on his claim filed against the Frank V. Dilatush estate, and for general relief. Answers were filed to the original bill by William A. Steele, Frank Hetishee, and the executor of the estate of George B. Noecker, deceased, denying that the appellee was entitled to the relief prayed for and said answers were extended to the amended bill. After a demurrer, filed to the amended bill by John A. Salyers, was overruled, he answered and defaults were taken as to all other defendants not answering. Shortly after the filing of the bill a temporary injunction for a limited time was issued by the court which restraining order expired before the entry of a decree and no permanent injunction was granted. The cause was referred to a special master in chancery upon the amended bill and the answers. The testimony heard before the master was substantially as charged in the amended bill and there was little controversy over all the material facts relating to the matters complained of, except as to the charge by appellee that John A. Salyers had knowledge of the transaction between the bank and William Dighton, Frank V. Dilatush and other directors and that the bank claimed some interest in the ownership of the note in question.

The testimony reported by the master and the admitted facts in the pleadings show that from the year 1914 to 1920 there was operated in the City of Monti-

cello the Farmers State Bank. John A. Salyers was president of that bank. On June 19, 1920, the assets of the Farmers State Bank were purchased by the First National Bank of Monticello and were duly indorsed and transferred to the latter bank. It also assumed the liabilities of the Farmers State Bank. John A. Salyers then became a stockholder in the First National Bank of Monticello. In June, 1923, there were some undesirable notes among the assets of the First National Bank which the directors desired to liquidate. In order to do this, $6,000 was borrowed from John A. Salyers and for this money William Dighton and Frank V. Dilatush signed and delivered to Salyers their personal note for said sum of $6,000, payable December 31, 1923, and bearing interest at the rate of six per cent per annum. The aggregate amount of principal and interest due on the three undesirable notes amounted to $6,374.11. $374.11 was charged off by the bank to profit and loss. William Dighton was the president of, and owner of the majority of the capital stock in, the First National Bank of Monticello. Frank V. Dilatush was a director and stockholder in said bank. John A. Salyers maintained a checking account in the bank and the sum of $6,000 was on the date of the note drawn from his account and by his check paid to the makers of the note and the proceeds thereof paid by the makers of the note to the bank to retire the said undesirable notes then held among the assets of the bank.

On the same date as the note five of the nine directors of the bank, including the said Dighton and Dilatush, signed a statement on a letterhead of the bank, agreeing that the $6,000 note to John A. Salyers, signed by Dighton and Dilatush, would be liquidated and paid, principal and interest, from the earnings or otherwise of the First National Bank of Monticello. On March 22, 1930, William Dighton signed a notation

on this letter to the effect that the note was still in force and unpaid and the agreement was still in effect. On the first day of June in each year, after giving said note, for nine years John A. Salyers, the payee and owner of the $6,000 note in question, presented the original note at the bank and received the annual interest due on the same. The interest was paid at the bank by one of its officers and charged to the profit and loss account of the bank from year to year. During all of this time William Dighton remained the president and managing officer of the bank and Frank V. Dilatush remained a director. No record concerning the note or the agreement of the five directors pertaining to the same ever appeared on the minutes of the directors' meetings on the books of the bank or its corporate records.

Frank V. Dilatush died April 27, 1932, and appellee was duly appointed executrix of his will. The letter or agreement, signed by the five individual directors of the bank, was found among his papers and effects. John A. Salyers thereupon filed his claim on the said $6,000 note against the estate of Frank V. Dilatush, in the county court of Piatt county, claiming the full amount of principal and interest due thereon to April 21, 1933, aggregating the sum of $6,320. John A. Salyers had continuous possession of this note from the date it was delivered to him and kept the same in his safety deposit box at the bank. At no time was the note ever listed among the assets or the liabilities of the First National Bank of Monticello. On March 4, 1932, the First National Bank of Monticello was closed and J. R. Drake became conservator of said bank. At the time of the closing of the bank, John A. Salyers was indebted to said bank on his promissory note in the sum of $2,000, dated January 2, 1933, and bearing interest at six per cent. He was also the owner of 10 shares of the capital stock of said bank upon which

an assessment of $1.00 per share was later levied. He had on deposit in the bank a checking account with a balance of $886.79. On August 12, 1933, Salyers voluntarily paid the balance remaining due on his note after deducting the amount of his deposit balance as an offset. The exact amount he paid was $1,163.18, which included $49.97 as interest on the note. William Dighton, one of the makers of the $6,000 note, was adjudicated a bankrupt on June 12, 1933, and John A. Salyers filed a claim on the note against the bankrupt estate and later received a dividend on said claim amounting to $739.76. John A. Salyers died in May, 1934. In his conclusions the special master found that the amended bill failed to set forth grounds for equitable relief and that the bill should be dismissed for want of equity.

After the master's report was filed the conservator of the bank sought to have the defaults theretofore entered against him set aside and for leave to answer the amended bill which was denied. Later the conservator of the bank became the receiver and was then given leave to file an intervening petition. After the death of John A. Salyers, his executor filed a cross-bill against Annie Dilatush, executrix, and asked the court to render a judgment in favor of the executor of the Salyers' estate and against the executrix of the Dilatush estate for the amount of the note in question and the interest thereon. The objections filed by appellee to the report of the special master urges affirmative relief in the form of a money judgment against the First National Bank of Monticello. The court entered a decree for a money judgment in favor of Roland Salyers, executor of the estate of John A. Salyers and against Annie Dilatush, executrix of the estate of Frank V. Dilatush in the sum of $5,043, being the amount of his claim less the amount of cash paid by Salyers to the bank in satisfaction of the $2,000

note and the further sum of $739.76 paid to Salyers as a dividend from the bankrupt estate of William Dighton. The sum of $5,043 was brought into open court and tendered by the appellee to the executor of the Salyers estate and by him refused. Thereupon the court rendered judgment in favor of the appellee and against the receiver of the First National Bank of Monticello in the sum of $5,043 to be paid in due course of administration of said bank.

The only question presented by the appeal of Salyers' executor is whether or not the court entered judgment for the proper amount. The question presented by the appellant receiver is whether or not the court had equitable jurisdiction to properly enter judgment against him as such receiver to pay the Dilatush estate in due course of administration the same amount for which the court had entered judgment against the Dilatush estate.

It is contended by the bank receiver that the amended bill for discovery set forth no grounds for equitable relief, nor was any cause for equitable relief as against the bank or its receiver supported by the evidence in the case. The only grounds for equitable relief set forth in the amended bill of complaint was for discovery to the end that appellee might be better able to properly defend the claim on the said note filed against the estate of Frank V. Dilatush and in order to prove that the $6,000 note, held by Salyers, was really an obligation of the First National Bank, and that Salyers had knowledge of that fact. There is nothing in the testimony which adds any new or additional proof to that disclosed by the pleadings as to the facts concerning the controverted transaction and in order to obtain equitable relief it is necessary that a complainant must establish the facts supporting such claim by clear and convincing evidence. Equity has no jurisdiction to enforce pure legal demands in

the absence of special circumstances. To maintain a decree it is necessary that facts be averred requiring equitable relief and that the facts be proved. If not averred and established at the hearing the bill must be dismissed for want of equity. *Hogg v. Hohmann,* 330 Ill. 589. In this case, even though the note be construed to be an obligation of the bank as a corporation, it would be first necessary for the appellee to show the payment and the discharge of the decedent's personal liability to John A. Salyers before she would have any right of action against the bank. There is nothing in the testimony which discloses a defense to the claim of John A. Salyers on the note and none is alleged in the amended bill. There is no evidence of any knowledge on the part of Salyers of the transaction within the bank or between the directors as to the retirement of the note by the bank. There is no defense to the payment of the note disclosed by the pleadings or the evidence which the appellee could not have presented in the county court in defense of the claim. In case the estate was compelled to pay the claim of John A. Salyers, based on the note, and it was construed that such note was an obligation of the bank, which is at least debatable, then the appellee might have a common law action against the bank for money had and received. To hold that because the estate was liable upon the note of John A. Salyers and thereby appellee had a right of action against the bank, and that therefore the rights and liabilities of the respective parties could be determined in an equitable proceeding is an unwarranted extension of equitable jurisdiction. In support of the decree the appellee asserts that because the receiver was not an original defendant in the suit but only became a party in such capacity by filing an intervening petition in the nature of a cross-bill, therefore it cannot now be heard to question the jurisdiction in chancery of the entire mat-

ter. The intervening petition of the receiver was not in fact a cross-bill but more in the nature and form of an answer and only prayed for the approval of the report of the special master in chancery and for a dismissal of the cause for want of equity. In the cases cited in support of appellee's contention there was no doubt about the jurisdiction of the court to hear and find equitable relief. The principle that one who invokes the jurisdiction of chancery with respect to a particular subject matter cannot challenge the jurisdiction of such court with respect to such subject matter does not apply here. In the case of *Chapman v. American Surety Co.*, 261 Ill. 594, where the question was presented as to whether a court of equity could by injunction stay proceedings in a probate court, instituted to compel an accounting by a guardian, it was clear that the probate court had no jurisdiction to determine whether a guardian had power to invest funds of a ward in real estate, or to ratify or confirm such investment made by a guardian, and therefore it was proper to file a bill in equity to restrain further proceedings in the probate court. The facts in this case do not set forth any such reasons for resorting to a court of chancery. In the *Chapman* case it was stated that the court has frequently said that the probate court has a sort of equitable jurisdiction over claims presented to it for allowance and that in the allowance of claims against an estate the county court may adopt the forms of proceedings in equity.

We see no reason why appellee could not have full, adequate and complete remedy at law. This suit having been started in May, 1933, pleadings filed and hearings had prior to January 1, 1934, under Rule One of the Supreme Court, it is not governed by the Civil Practice Act. We are convinced that the circuit court was without authority and jurisdiction to enter a decree granting affirmative relief not supported by any

equitable grounds alleged in the amended bill for discovery, and that the chancellor should have dismissed the bill for want of equity. It is therefore not necessary to discuss the other questions argued in the briefs of counsel. The decree of the circuit court of Piatt county is reversed and the cause remanded with instructions to enter an order dismissing the appellee's bill for want of equity.

*Reversed and remanded with instructions.*