## A. W. Rhoten v. Andrew Baker et al.

1. Equity—*When It Will Furnish a Remedy.*—When a right is given to a person, then wrongfully taken away by another, and the law by reason of its universality can not afford a remedy in the peculiar circumstances of the case, equity will correct the law and furnish the remedy.

**Bill for an Injunction,** and other relief. Error to the Circuit Court of Vermilion County; the Hon. Ferdinand Bookwalter, Judge presiding. Heard in this court at the May term, 1902. Reversed and remanded, with directions. Opinion filed November 1, 1902.

Tilton & Cundiff, attorneys for plaintiff in error.

O. M. Jones, attorney for defendants in error.

Mr. Presiding Justice Wright delivered the opinion of the court.

This was a bill in equity filed by the plaintiff in error against the defendants in error to require the latter to accept the damages and pay the benefits assessed by a jury for the laying out and opening of a road for private and public use, under the provisions of section 54 of the act in regard to roads and bridges under township organization, and to prevent the defendants from combining and confederating together to defeat the opening of such road. The court sustained a demurrer to the bill and dismissed it for want of equity, and to reverse the decree this writ of error is prosecuted.

The bill recites the various steps by which, upon the petition of plaintiff, the road was laid out and ordered opened by the proper highway authorities, as required by the statute, and that a jury was organized before a justice of the peace in pursuance of the provisions of the act in that behalf, which jury, in the proceedings to which the defendants were parties, heard the evidence and examined the premises, and returned their verdict, in which the damages and benefits to the several premises affected were assessed, and such verdict was entered upon the docket of

such justice of the peace, and thereafter had the force and effect given to such verdicts by the law. The bill then avers that thereafter the defendants combined and confederated together, agreed and conspired with each other not to pay the damages, nor accept the benefits severally assessed against and for their respective lands, and to prevent the opening of such road, and in pursuance of such combination the defendants did severally refuse to pay such damages and accept such benefits, and in other ways, by intimidation, threats of force and actions of trespass, should the road authorities attempt to open the road, or go upon the lands of defendants to do so. In these conditions plaintiff claims no adequate remedy exists at law, and that he is without such remedy save in a court of equity.

It is, however, insisted by the defendants that inasmuch as the statute gives to the verdict of the jury in such cases the force and effect of a judgment, which it does, that plaintiff's remedy is at law; desiring it to be inferred, we presume, that an execution might be issued upon the judgment for the damages assessed. If there is force in this point, it does not reach the distribution of the benefits, nor dissolve the combination entered into by the defendants to resist the opening of the road. By the constitution the general assembly is given power to provide for establishing and opening roads and cartways connected with a public road, for private and public use (section 30, article 4, constitution), and section 54, chapter 121, Rev. St., to which we have already referred, is a clear exercise of that power by the legislature. The road petitioned for by the plaintiff and which was ordered laid out and opened by the proper officers, would connect his land with a public road and afford him access to and from the same, and without which he could neither get upon or from his land by any right of way other than the consent of another person, and is that character of road contemplated by the provisions of the constitution and the statute to which reference has been made. Plaintiff, therefore, by the facts stated in his bill, admitted by the demurrer, had a right to the road in question, and by

the same facts defendants wrongfully obstructed such rights in such manner as the law could afford no adequate remedy for the wrong done by the defendants. If we are right in this conclusion, and we feel sure of that, then no authority need be cited to prove that a bill in equity is the appropriate remedy; for when a right is given to a person, then wrongfully taken away by another, and the law by reason of its universality can not afford a remedy in the peculiar circumstances of the case, equity will correct the law and furnish the remedy.

It is also argued that the commissioners of highways should have been made parties to the bill, and for the reason they were not, the demurrer was properly sustained. There is nothing in the bill to show the commissioners were hostile to the road, or that but for the obstructive action of the defendants, they would open the road; in truth it will be presumed in the absence of averment to the contrary, they being public officers, that they are willing to perform their duties, and would do so but for the wrongful acts of defendants recited in the bill of complaint. Nothing is charged against the commissioners and they were in no way accessory to the wrongs of defendants; no relief was prayed against them, and we are therefore unable to discover that they were necessary parties to the bill.

It follows, therefore, that in our opinion the court erred in sustaining the demurrer to the bill, and the decree will be reversed and the cause remanded with directions to overrule the demurrer, and for further proceedings in consonance with the views herein expressed.

Reversed and remanded.