THE PEOPLE ex rel. P. J. Carr, County Collector, Appellee,
vs. JOHN S. GULLBORG, Appellant.

*Opinion filed February 16, 1927.*

1. PRINCIPAL AND AGENT—*what necessary for notice to agent to bind principal.* For notice to an agent to be binding upon the principal it must be in reference to a matter over which the agent's authority extends so that the law will presume that the agent carried the notice to the principal, or it must be established as a fact that the agent did communicate the notice to his principal.

2. TAXES—*when notice to agent of hearing to raise valuation is not sufficient.* The board of review cannot raise the valuation of an apartment building in reliance on a notice to an agent who resided in the apartment and who only had authority to collect rent from other tenants, where there is no showing that the agent communicated the notice to his principal and where the tax bill was mailed to the owner at another address.

APPEAL from the County Court of Cook county; the Hon. JOHN D. BIGGS, Judge, presiding.

W. F. McLAUGHLIN, for appellant.

ROBERT E. CROWE, State's Attorney, and ROBERT C. O'CONNELL, (HAYDEN N. BELL, W. W. DEARMOND, and JAMES F. CLANCY, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a judgment of the county court of Cook county overruling objections to taxes extended against an apartment building at 1549 Fargo avenue, Chicago, and ordering a sale of the property.

The property was valued by the board of assessors in 1924 at $103,750 but the board of review reduced the valuation to $80,250. In 1925 the board of assessors continued the valuation of $80,250 but the board of review raised it to $110,250. Appellant paid the taxes based on a full

valuation of $80,250 and filed objections to the balance on the ground that he had not received notice of the hearing before the board of review and that it was without jurisdiction to increase the valuation. The records of the board of review show that notice of the hearing was sent to George P. Adams. Appellant testified that he is a manufacturer and that Adams is employed in his office; that in 1925 Adams occupied one of the apartments in his building at 1549 Fargo avenue and was authorized to receive the rent from the other tenants; that Adams was not a leasing agent nor an agent having general supervision of his property, and that his authority to represent him was limited to receiving the rent and delivering it to him at his office. Appellant lived at 4628 Beacon street, Chicago, and his tax bill was mailed to him at that address. Notice of the hearing was not received by him through the mail nor was it delivered to him by Adams or anyone else.

The law is well settled that when notice to an agent is relied upon to bind a principal the nature of the agency must be such that the law will presume that the agent carried the notice to his principal, or it must be established as a fact that the agent did communicate to his principal such notice. Notice to or knowledge of an agent while acting within the scope of his authority and in reference to a matter over which his authority extends is notice to or knowledge of the principal, but in order to be binding upon the principal the knowledge must be acquired while his agent is acting within the scope of his authority and in reference to a matter over which his authority extends. (*United Disposal Co.* v. *Industrial Com.* 291 Ill. 480.) Conceding that Adams received the notice of the hearing before the board of review, it was not binding upon appellant because it was not a matter over which Adams' authority extended. The objection was well taken and should have been sustained.

The judgment of the county court is reversed.

*Judgment reversed.*