(No. 18186.—Reversed and remanded.)
PATRICK J. O'DONNELL, Plaintiff in Error, *vs.* SARAH A. HENLEY, Defendant in Error.

*Opinion filed October 22, 1927—Rehearing denied Dec. 7, 1927.*

1. PRINCIPAL AND AGENT—*general rule as to when knowledge of agent is knowledge of principal.* Before knowledge of an agent càn be imputed to the principal the knowledge must be that which the agent acquires while acting as such agent within the scope of his authority, or that which he may previously have acquired and which he then had in mind or which he had acquired so recently as reasonably to warrant the àssumption that he still retains it.

2. SPECIFIC PERFORMANCE—*when agent has no authority to approve securities.* A real estate agent merely employed to find a purchaser has no implied authority to approve securities for an unpaid part of the purchase price, and the principal is not bound by the knowledge of the agent concerning the character and quality of the securities submitted.

3. SAME—*agent employed to find purchaser cannot execute a contract of sale.* A real estate agent employed by the owner to find a purchaser for a tract of land, although the terms ·of sale are fully prescribed, does not have authority to execute a contract of sale which will bind the owner.

4. SAME—*when complainant purchaser fails to show ability to perform.* Where a vendor agrees to accept in lieu of cash a "contract for $10,000" on a certain piece of property but upon discovering that the security for said sum is a second mortgage refuses to carry out the contract, the purchaser will not be entitled to a decree for specific performance on the ground that he has a right to pay the $10,000 in cash, where he makes only a general statement of readiness and willingness to perform and makes no offer in his bill or on the trial to make the cash payment but prays for reformation of the contract so as to bind the vendor to accept the second mortgage.

5. SAME—*complainant must clearly prove ability to perform.* A party seeking specific performance of a contract must prove that he has complied with, or that he is ready, willing and able to comply with, the terms of the contract; and this proof must be clear and unequivocal.

6. SAME—*when defendant vendor will not be required to return earnest money.* Where a case for relief in equity fails, the court is without jurisdiction to award other relief by way of disposing

of the entire controversy, and where a bill for specific perform-
ance must be dismissed for want of equity because the complain-
ant purchaser fails to show by his bill or on the hearing his readi-
ness and ability to perform, the bill will not be retained for the
purpose of decreeing the re-payment to the complainant of a cer-
tain sum paid as earnest money notwithstanding the action is
brought in equity in good faith, as the defendant might thereby
be deprived of a defense to an action at law for the recovery
of said sum.

WRIT OF ERROR to the Superior Court of Cook county;
the Hon. DENIS E. SULLIVAN, Judge, presiding.

GEORGE J. DREISKE, and WEST & ECKHART, (WM. L.
BOURLAND, of counsel,) for plaintiff in error.

KIRKLAND, PATTERSON & FLEMING, (ROBERT N. GOLD-
ING, and GEORGE T. TOWNLEY, of counsel,) for defendant
in error.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

Plaintiff in error, Patrick J. O'Donnell, prosecutes this
writ of error to review a decree of the superior court of
Cook county denying specific performance of a contract
entered into between him and defendant in error, Sarah A.
Henley, by which the latter agreed to convey to the former,
in consideration of $115,000 to be paid as provided in the
contract, a certain apartment building in the city of Chi-
cago. Defendant in error assigns a cross-error questioning
that part of the decree directing her to return to plaintiff
in error $5000 earnest money, which was to be applied on
the purchase price in the event the sale was consummated.

The contract provided that $30,000 was to be paid with-
in five days after title was accepted and upon the delivery
of a general warranty deed. Of the $30,000 defendant
in error agreed "to accept as cash contract for $10,000 on
5714-16 Calumet Ave., also contract for $3000 on 10226

Rhodes avenue, also contract for $7000 on 7356-58 Yale avenue, and also first mortgage of $5000 on 6114 Laflin St., all in Chicago, Illinois, at face value and accrued interest. * * * Title to said contracts and first mtg. taken by seller as above subject to approval by seller's attorney." The first security to be accepted as a part of the cash payment was not a contract as that term was used by the parties, but was a second mortgage on the Calumet avenue property. Plaintiff in error asks that the contract be reformed so that the security will be properly described, and that as reformed the contract be specifically performed. He bases his contention on the fact that he submitted his securities to the real estate agent employed by defendant in error to find a purchaser for the property, and that the agent had these securities before him when he described the second mortgage as a contract. When the agent submitted the contract for his signature the plaintiff in error called his attention to the use of the word "contract" in describing the second mortgage on the Calumet avenue property, and the agent replied that the word used was immaterial, inasmuch as the amount and the description of the property were correctly stated. The agent in charge of her building, through whom she had employed the real estate agent, delivered the contract to defendant in error at her home in Rushville, Indiana, and she signed it. Shortly thereafter she was advised that the security described as a $10,000 contract was in fact a second mortgage securing notes in that amount, and she directed her superintendent to notify plaintiff in error that she would not carry out the contract, and he was so notified. Plaintiff in error testifies that prior thereto he was notified by the agents representing defendant in error that the securities were approved, but there is no evidence that defendant in error or any attorney representing her approved the securities. Whether defendant in error is bound by the acts and statements of her agents depends upon their authority. The superintend-

ent of her building had authority to keep the building in repair, purchase fuel and other supplies and execute leases, but he did not have authority to make a contract to sell her building nor to approve securities that were offered in exchange for it. Defendant in error authorized him to employ a real estate agent to procure a purchaser for the building, but by that act she did not authorize her superintendent, nor the real estate agent employed by him, to agree upon the terms of the contract or to approve securities tendered in lieu of cash. That no one understood that they had authority to execute the contract is evidenced by the fact that it was submitted to her for execution. When she signed the contract it stated that she agreed to accept in lieu of cash, provided her attorney approved the title to it, a real estate installment contract of the face value of $10,000. She did not agree to accept a second mortgage, and there is no evidence to show that she had actual knowledge of the misdescription. Before the knowledge of her agent can be imputed to her the knowledge must be that which the agent acquires while acting as such agent within the scope of his authority, or that which he may previously have acquired and which he then had in mind, or which he had acquired so recently as to reasonably warrant the assumption that he still retained it. (*People* v. *Gullborg,* 324 Ill. 538; *Lowden* v. *Wilson,* 233 id. 340; Mechem on Agency,—2d ed.—sec. 721.) If it be conceded that defendant in error had given to her agents sufficient authority to bind her to a bargain to sell the property for $115,000, it is clear that such authority would not include the power to approve securities offered in lieu of cash. The sale of real estate involves the adjustment of many matters in addition to fixing the price at which the property is to be sold. The vendor may be unwilling to deal with a particular proposed purchaser on any terms or he may desire to make different terms with different prospects. He may be willing to give a quit-claim deed but not a deed with full cove-

nants of seizin and warranty. He may be willing to sell for cash, or for part cash with the property to stand as security for the balance, but unwilling to trade the property for other property or to accept as the cash payment anything in lieu of cash. If he be willing to accept securities in lieu of cash he will, of course, be interested in the value of the securities. The mere authority to sell a piece of property can hardly confer power upon the agent to determine all these matters for his principal. In fact, the authorities seem to be uniform that a real estate agent employed by the owner to find a purchaser for a tract of land, although the terms of the sale be fully prescribed, does not have authority to execute a contract of sale which will bind the owner. (*Stein* v. *McKinney,* 313 Ill. 84; *Jones* v. *Howard,* 234 id. 404.) Defendant in error signed the contract submitted to her and she cannot be required to perform some other contract. She is not bound by the knowledge of her agents concerning the character and quality of the securities submitted. There is no evidence in the record which would justify a reformation of the contract.

Plaintiff in error contends that his second payment was to be $30,000, and that he has a right to pay in cash the $10,000 if defendant in error elect not to approve the Calumet avenue security. Conceding this contention to be sound, plaintiff in error has made no offer in his bill or on the trial to make the $30,000 payment, or any part of it, in cash, nor has he produced any evidence which shows his readiness or his willingness or his ability to substitute cash for the securities. He made the general statement on the trial that he was ready, willing and able to perform the contract, but this statement does not mean that he was either ready, willing or able to substitute $10,000 cash for the $10,000 second mortgage. In fact, in negotiations prior to the institution of the suit his best offer was to pay $6000 in cash provided defendant in error would permit him to increase his final payment by $4000, which was se-

cured to her by a second mortgage on the property. His general statement of his readiness and willingness to perform the contract must therefore be held to be modified by his statements and conduct inconsistent therewith. (*Cissna v. Walters,* 100 Ill. 623.) A party seeking to enforce specific performance of a contract must prove that he has complied with, or that he is ready, willing and able to comply with, the terms of the contract, and this proof must be clear and unequivocal. (*Turn Verein Eiche* v. *Kionka,* 255 Ill. 392.) The court properly denied the prayer for specific performance.

We come next to consider the cross-error, which questions that part of the decree adjudging defendant in error liable for the $5000 paid to the superintendent of her building and by him converted to his own use. Recovery of a mere money demand is a matter of strictly legal and not of equitable jurisdiction. It is established by authority and supported by reason that where a case for relief in equity fails, a court of equity is without jurisdiction to award other relief by way of disposing of the entire controversy. (*Brauer* v. *Laughlin,* 235 Ill. 265; *Toledo, St. Louis and New Orleans Railroad Co.* v. *St. Louis and Ohio River Railroad Co.* 208 id. 623; *Dodd* v. *Home Mutual Ins. Co.* 22 Ore. 3, 28 Pac. 881; *Pond* v. *Lockwood,* 8 Ala. 669.) It follows that where a decree of specific performance is denied upon a bill filed for that purpose and there remains no ground of equitable jurisdiction alleged in the bill and proved on the hearing, the bill will not be retained to assess damages for a failure to perform the contract or to afford other relief which in the first instance is obtainable only in an action at law. (*Farson* v. *Fogg,* 205 Ill. 326; *Amick* v. *Ellis,* 53 W. Va. 421, 44 S. E. 257; *Lewis* v. *Yale,* 4 Fla. 418.) If this were not the rule, a litigant by a pretended claim for equitable relief might deprive his opponent of advantages incident to an action at law. The fact that complainant brought his action in equity in good faith does

not change the rule. (*Hildebrandt* v. *Savage,* 4 Wash. 524, 30 Pac. 643.) The chancellor erred in entering a decree for $5000 against defendant in error.

For the reasons stated the decree is reversed and the cause is remanded to the superior court of Cook county, with directions to dismiss the bill for want of equity, all costs to be taxed against plaintiff in error.

*Reversed and remanded, with directions.* ·