W. F. Backs, Appellee, v. Nelson Construction Company, Appellee, Meyer Coal and Supply Company, Appellant, and Jess Fielder, Appellee.

Nelson Construction Company, Appellee, v. W. F. Backs, Appellee, Meyer Coal and Supply Company, Appellant, and Jess Fielder, Appellee.

Gen. No. 8,682.

Opinion filed May 24, 1933.

SUMNER & REARDON, for appellants.

WARNOCK, WILLIAMSON & BURROUGHS, for appellee W. F. Backs; CHAPMAN & DU HADWAY, for other appellees.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is a suit in equity to enforce a lien upon moneys held by the State treasurer, for the consideration of doing work upon State roads, in behalf of the public, under section 23 of chapter 82 of the revised statutes, Cahill's St. ch. 82, ¶ 23.

The Nelson Construction Company, appellee, had a contract with the State of Illinois for the construction of sections 135 and 136 of Route 160 Madison county, and thereafter a certain portion of said work was sublet by said Nelson Construction Company to the Meyer Coal and Supply Company, and they in turn sublet a part of their work to one Jess Fielder. The complainant, W. F. Backs, appellee, furnished horse food and supplies to Fielder for horses and mules and the same not being paid for filed this bill of complaint against Fielder, the Meyer Coal and Supply Company and the Nelson Construction Company, and filed notices with the proper State officers and gave notice to all of said parties. The pleadings are of great length and complicated and we shall attempt to set out the salient points only in the case.

After the evidence in the case was taken the complainant, by leave of court, filed an amendment to the prayer for relief in the original bill, which asks for an accounting to determine the amount due from any or all of the defendants to said proceeding to the complainant for feed and supplies furnished to Jess Fielder on sections 135 and 136, and that a decree be entered accordingly, and that the complainant may be decreed to have a lien on the moneys due to said de-

fendants, or any or either of them, from the State of Illinois by reason of any contracts which they or either of said defendants may have had with the State of Illinois for the construction of said sections 135 and 136, and work done in pursuance of said contract, said lien to be to the extent of the amount due and owing from Jess Fielder to the complainant on account of horse feed and supplies furnished on either of said sections 135 or 136 or both.

Fielder answered the bill. He admitted the making of the contracts, stated that he had separate contracts for sections 135 and 136 and that the feed and supplies furnished by complainant were furnished and used by him while working on section 135, but denies that he contracted for or used any of the feed or supplies while working on section 136. Fielder further denied that complainant was entitled to a lien upon any funds coming to the defendants or in the hands of the State, and averred that full settlement had been made for all work done upon section 135.

The answer of the Meyer Coal and Supply Company follows the same line and denies that complainant is entitled to a lien upon any funds; avers that it had or has no knowledge of the furnishing of any supplies to Fielder; that the contracts for sections 135 and 136 were separate, independent contracts, and that full settlement has been made by the State and this defendant for all work done upon section 135, and denies that complainant furnished any supplies for the work on section 136 and denies that complainant ever served any notices upon the State or upon any of the defendants.

On April 21, 1930, the cause was referred to the master in chancery. The only pleadings at that time filed were the bill of complaint and answers aforesaid. The Nelson Construction Company did not file any answer until March 23, 1931, at which time the master

had made his report of the evidence. The matter was being argued before the court when on March 18, 1931, the Nelson Construction Company was granted leave to answer the bill of complaint and file a cross-bill.

The answer of the Nelson Construction Company admits that complainant is in the grain and feed business; that the Nelson Construction Company was awarded a contract by the State of Illinois for the construction of sections 135 and 136, route 160; admits that said company sublet a portion of the work on said contract to the Meyer Coal and Supply Company, and that such defendant in turn sublet a portion of said work to the defendant Jess Fielder.

Said answer neither admits nor denies the allegations of the bill of complaint with reference to the contract entered into between the complainant and Jess Fielder, the amount of feed furnished, and the amount claimed by the complainant to be due therefor.

The answer denies that the complainant has requested the defendant to pay the amount due; but admits that the complainant has filed with the State officials of the departments of the State of Illinois a claim for lien; denies that the complainant is entitled to the relief or any part thereof prayed by the bill of complaint.

The cross-bill filed by the Nelson Construction Company on March 23, 1931, avers that in June, 1928, the Nelson Construction Company was awarded by the State of Illinois three several contracts for the construction of sections 135, 136 and 136a, Madison county; that on June 2, 1928, by written contract, it sublet a portion of the work to be done on all three of said sections to the Meyer Coal and Supply Company; that all the work on section 136a has been fully completed and paid for by the State and settlement made between the Nelson Construction Company and the Meyer Coal and Supply Company.

The cross-bill avers that the Meyer Coal and Supply Company sublet a portion of the work on sections 135 and 136 to Jess Fielder, and that in the month of February, 1930, W. F. Backs filed with the designated State officials a statement of claim for feed and supplies alleged to have been furnished by him to Jess Fielder on sections 135 and 136; that at the March term, 1930, the said W. F. Backs filed his bill of complaint to foreclose his mechanics' lien as against the Nelson Construction Company, the Meyer Coal and Supply Company and Jess Fielder; that said defendants appeared, the cause was referred to the master in chancery, the evidence taken before the master and reported to the court and arguments heard thereon in part; that it appears from such evidence and from the argument that there are no moneys, bonds or warrants due or about to become due to the Nelson Construction Company under its contract with the State on section 135, and that for this reason, which appears to be conceded by the parties on the hearing, no lien can be established or decreed in favor of W. F. Backs for feed and other materials supplied and furnished by him to Jess Fielder on section 135; and that the court under the issues made on the bill of complaint cannot completely determine and adjudicate the rights of the parties on section 135.

The cross-bill states that there is due from the Nelson Construction Company to the Meyer Coal and Supply Company $2,620.58 for work on sections 135 and 136; that said contract provides for the payment to its subcontractor in instalments as the work progresses in accordance with State estimates for work done and as payments are received by the cross complainant from the State, withholding 10 per cent of each instalment due the subcontractor until final instalment and until completion and acceptance of the work, and at the time the subcontractor submits evi-

dence that all bills in connection with said sections have been paid, or in lieu thereof releases and consents for final payment.

The cross-bill further alleges that because of the claim filed by W. F. Backs and the failure and inability of the Meyer Coal and Supply Company to furnish evidence that payments of all bills on said section or releases and consents for final payment, the State withholds from the cross complainant on its contract on section 136 $3,128.58, which amount includes the sum of $2,620.58 due the Meyer Coal and Supply Company on sections 135 and 136, and an additional sum of $500 which the State withholds to cover costs; that cross complainant cannot procure said $500 until the rights of the parties on both sections 135 and 136 have been determined.

The cross-bill further alleges that unless such rights are adjudicated and determined that additional litigation will result between W. F. Backs, Meyer Coal and Supply Company and the cross complainant, and that cross complainant is threatened with such litigation; and that it is for the best interests of all parties and will save a multiplicity of suits if the court will hear additional evidence and adjudicate and determine the rights of the parties with reference to section 135 as well as section 136.

The answer of the Meyer Coal and Supply Company admits substantially all of the matters set out in the cross-bill, but denies that the whole matter cannot be determined on the issues as made.

Appellee Backs answered the cross-bill and admitted substantially the matters alleged, the amounts due and coming due to the various parties and further answered.

The answer admits that unless the rights of the cross complainant are fully adjudicated the cross defendant Backs will institute additional proceedings

against the cross complainant and the Meyer Coal and Supply Company jointly and severally, which proceedings will be primarily based upon a letter written by the cross complainant to the cross defendant, which is as follows, to wit:

"Greenville, Illinois,
"Oct. 8, 1929.

"W. F. Backs,
"Carpenter, Illinois.

"We beg to inform you that we will stand good for bills thus incurred by our subcontractors. However, Mr. Meyer, of the Meyer Coal and Supply Company will pay you your amount, upon receipt of his next estimate from the State, which will be within the next thirty days.

"Meyer Coal and Supply Company have subcontracted from us and they in turn have sublet some of the work to Jess Fielder. Therefore we will be responsible for such bills.

"Kindly advise us if this is not satisfactory.
"Very truly yours,
"Nelson Construction Company,
"By A. D. Nelson,"

and upon promises made by Meyer Coal and Supply Company to pay for the feed and supplies furnished by this cross defendant to Jess Fielder if the same are not paid for by Jess Fielder.

The cross complainant thereafter amended its cross-bill to incorporate the matters set out in appellee Backs' answer, and further averred: That W. F. Backs never made a reply to said letter of October 8, 1929, and that it should not be construed as a promise to assume personal liability to pay the claim of Backs; that it was not so meant or intended and was not so construed or acted upon by Backs, and that it was purely voluntary and based upon no valuable consideration whatever, and that no feed, grain, materials

or supplies were thereafter furnished by Backs to Fielder on either section 135 or section 136 in reliance thereon; that all said merchandise had been sold and delivered by Backs to Fielder prior to the date of said letter; that Backs waited until all money on section 135 had been paid out by the State, and then proceeded to file with the State his claim for a lien; that when said claim was filed there were funds on hand with the State due on section 136; that the Backs' claim included materials furnished on section 135 and section 136; that because the contract between the Nelson Construction Company and Meyer Coal and Supply Company was a single contract, covering both sections, the State has withheld out of funds due the Nelson Construction Company on section 136 an amount sufficient to pay the claim of Backs and the additional sum of $500.

Appellant Meyer Coal and Supply Company further answered the cross-bill, stating that it had no knowledge of the letter written October 8, 1929, by the cross complainant. Appellee Backs also further answered the cross-bill, denying that the letter of the Nelson Construction Company was a voluntary offer and answering that, with the exception of $20 worth, no grain or supplies were furnished by appellee Backs to Fielder after October 8, 1929, on either section 135 or section 136, but that all of said merchandise with said exception was sold and delivered to Fielder prior to that date; but denies that it was on the faith of Jess Fielder alone, the fact being that on numerous occasions the Meyer Coal and Supply Company agreed with him to protect cross defendant's claim and see that it was paid; denies that after said letter of October 8, 1929, was received by him it was disregarded as a promise or guarantee on the part of the Nelson Construction Company to pay said claim, but he, in consideration and in reliance upon said letter,

forbore and delayed the perfecting of his claim for a lien; admits that he filed no lien on section 135 until all moneys due thereon had been paid out by the State.

Upon a consideration of all the proofs heard, the chancellor in his decree found, among other things, that the Nelson Construction Company had two contracts with the State of Illinois, one for the construction of section 135 and one for the construction of section 136, both on route 160, Madison county; that the grading work involved in both of these sections of road was in one contract by the Nelson Construction Company, sublet to the Meyer Coal and Supply Company and that the Meyer Coal and Supply Company in two contracts sublet all of the shoulder work on both of these sections to Fielder; that appellee Backs, pursuant to an agreement with Fielder, furnished horse and mule feed to Fielder; that all of the feed furnished by appellee Backs was used by Fielder in feeding horses and mules which Fielder had on the job and which horses and mules were used in the construction of said work; that the fair cash market value of the feed so furnished by Backs, appellee, to Fielder on section 135 amounted to $832.02, and the amount furnished on section 136 amounted to $198.40. At the time of the decree there was due appellee Backs for feed furnished on section 135 the sum of $937.12 and for feed furnished on section 136 the sum of $223.15, the sums so due at the time of the decree including interest from the time the feed was delivered to the date of the decree; that Backs, appellee, on February 24, 1930, filed the necessary notices with the proper State officials and that he later also served on said officials certified copies of the bill; that there is still due from the Nelson Construction Company to the Meyer Coal and Supply Company on their one contract covering section 135 and section 136 the sum of $2,620.58, and that because of the manner in which the

account between said parties was kept it cannot be ascertained how much of such sum is due on section 136; that there is still due and unpaid to the Nelson Construction Company and remaining in the hands of the State officials on the contract between the Nelson Construction Company and the State for section 136 the sum of $3,120.58; that on January 10, 1930, the Meyer Coal and Supply Company executed an affidavit setting forth that all bills for labor, feed, gasoline, etc., owed by them on section 135 had been paid; that the Meyer Coal and Supply Company at the time it made said affidavit knew or by the exercise of any diligence would have known, that the claim of appellee Backs was still unpaid; that the Nelson Construction Company, relying on said affidavit, made a similar affidavit with the State officials and thereupon on January 27, 1930, the State paid to the Nelson Construction Company the balance due on section 135, amounting to $800.60; that in so far as the said affidavit given by the Meyer Coal and Supply Company is concerned the claim of appellee Backs for feed sold and delivered to Fielder was a bill owed by the Meyer Coal and Supply Company; that because of the affidavits made the funds held at that time by the State officials on section 135 were disbursed, which would not have been done had said affidavits correctly set forth the facts that the claim of appellee Backs was unpaid and that if said funds had not been disbursed, Backs' lien claim would have been filed in ample time on section 135; that because of a certain letter written by the Nelson Construction Company and all of the facts and circumstances involved, appellee Backs was not chargeable with negligence or laches in not having filed his claim for lien on section 135. All of these findings of the chancellor are amply supported by the testimony and evidence. The Meyer Coal and Supply

148

Company have brought the record to this court by appeal for review.

It appears in the contract between appellee Nelson Construction Company and the Meyer Coal and Supply Company, appellant, to construct sections 135 and 136, that it was one, indivisible contract and an entirety. It also appears that the Meyer Coal and Supply Company in its contract with Fielder separated these sections and there were two contracts. Appellee Backs furnished supplies to Fielder for each of these sections. In November, 1929, the Meyer Coal and Supply Company knew of the bills incurred by Fielder with Backs upon both sections.

The original bill of complaint was amended in the prayer by praying for an accounting and for a decree based upon the equities of the case, following the lines of the cross-bill.

The evidence shows that the Meyer Coal and Supply Company undertook to fulfill and perform that portion of the two contracts of the Nelson Construction Company with the State on sections 135 and 136, included in one contract between them, that called for grading, excavating and shoulder work. The Meyer Coal and Supply Company was not entitled to final payment on its contract until the Nelson Construction Company received payment from the State. The Nelson Construction Company could not get its money from the State to pay the Meyer Coal and Supply Company without presenting proof from the Meyer Coal and Supply Company that all "their bills" had been paid. "Their bills" meant not only bills which Meyer personally contracted, but all bills which were lienable, contracted by the Meyer Coal and Supply Company or by its subcontractors or employees on that portion of the work undertaken by it. The Meyer Coal and Supply Company stood between the Nelson Construction Company on the one hand and Fielder and Backs on the other as to all work that the Meyer

Coal and Supply Company undertook to perform and all lienable claims against that portion of the work.

The Meyer Coal and Supply Company knew about the claim of Backs for feed furnished Fielder the same as it knew about the claims for labor hired by Fielder. The Meyer Coal and Supply Company knew about its liability for the labor and acknowledged its liability when on November 10 or November 16 it arranged for payment and then paid in December. The Meyer Coal and Supply Company could not express any distinction between the claims for labor and for feed; there is none; it was as liable for one as for the other. The evidence is clear that Meyer knew, on November 10 or November 16 about the claim of Backs and knew that Nelson expected it to be taken care of, and that Nelson had on November 7 paid Meyer an estimate of $1,259.23 out of which to take care of it. Meyer, Mrs. Toerper and Backs all agree that Backs presented his itemized claim that day at the Edwardsville bank. The letter of Nelson to Backs, under date of October 8, promising that Meyer would pay the claim out of the next estimate in 30 days, was there read to Meyer. And yet, Meyer not only refused to pay, but neither he nor Backs told Nelson of this situation, and two months later, on January 6, Meyer gave Nelson an affidavit, signed and sworn to by Meyer and Mrs. Toerper, that "all bills for labor, feed, gasoline," etc., had been paid. In reliance on this, Nelson presented it to the State and on January 27 the Nelson Construction Company got its money from the State on section 135.

On February 19 Backs, appellee, filed his claim on both sections 135 and 136, and later brought this suit. Because it now appeared that the Meyer affidavit was false, the State withheld enough money on section 136 to cover the claim on both sections 135 and 136, notified Nelson, and Nelson withheld the balance due Meyer under their single contract on both sections.

It was in the light of this unquestioned state of facts that the court undertook to make an equitable apportionment of this fund.

It is contended by appellant that one claiming a mechanic's lien must rely wholly on the statute for his recovery, since such liens are not recognized either at common law or in equity, in the absence of statute (*Armstrong v. Obucino,* 300 Ill. 140), and that statutes providing for mechanic's liens must be strictly construed, since such liens are not recognized either at common law or allowed in equity, independent of statute, and exist only by virtue of statutes. (*North Side Sash & Door Co. v. Hecht,* 295 Ill. 515; *Hoier v. Kaplan,* 313 Ill. 448.) And it is further contended by appellant that a court of equity has no power in a mechanic's lien case to enter a personal decree against any contractor or subcontractor, where a lien claimant fails to establish his right to a lien. *Turnes v. Brenckle;* 249 Ill. 394. Nevertheless, we are not able to determine that the decree violates any of the rules so contended for by appellant.

Appellant in this case is in this position: In November, 1929, by the testimony of its secretary and treasurer, it had full knowledge of complainant's (Backs') claim and had refused to recognize or pay it. On October 8, 1929, the Nelson Construction Company, in writing, had agreed to pay the complainant's claim and had pledged that appellant would pay the amount of complainant's claim "upon receipt of his next estimate from the State, which will be within the next 30 days," and upon January 6, 1930, appellant, the Meyer Coal and Supply Company, had furnished to the Nelson Construction Company, appellee, an affidavit stating that, "We have paid all bills for labor, *feed,* gasoline, etc., owed by us on section 135, route 160, and do release the Nelson Construction Company from any and all claims thereof." This affidavit is false and was false at the time it was made, and it

must be held that the affidavit and release were fraudulent and void, so far as complainant's rights are concerned, or else it must be admitted that the two companies entered into a conspiracy to defraud the complainant. No such charge can be made in this case against the Nelson Construction Company, appellee.

Appellant contends that all moneys and funds for the building of section 135 had been paid out by the State and distributed by the contractors when complainant presented his bill of complaint. So far as appellant and the Nelson Construction Company are concerned, this was not true, for the appellant entered into a contract with the Nelson Construction Company to build and construct both sections 135 and 136 as one entire contract and for one agreed price, and any moneys paid by the Nelson Construction Company to the Meyer Coal and Supply Company for this work must be held to apply upon both sections, and regardless from which fund in the State's hands in this case the payment may have been made, any overplus of funds for section 135, in the hands of any of the parties to this cause, must be held to be in trust for carrying out the one entire contract, made between appellant and the Nelson Construction Company, appellee, for the construction of both sections 135 and 136. This does complete equity and leaves all parties with exactly that to which each is entitled and injures no one. But it is urged that equity has no jurisdiction in a mechanic's lien case, except as to the form of procedure, but it is provided in section 12 of chapter 82, the Lien Act, Cahill's St. ch. 82, ¶ 12: "The court . . . shall have the same power and jurisdiction of the parties and subject matter, and the rules of practice and proceedings in such cases shall be the same as in other cases in chancery, except as is otherwise provided in this act."

"The same power and jurisdiction of the . . . subject matter, . . . as in other cases in chancery, except

as is otherwise provided in this act," means just what it says. Complainant could have no lien, if he furnished no material. Complainant could have no claim against the State unless he served proper and sufficient notices before the fund was paid out by the State, in an orderly and legal manner. Complainant is claiming nothing from the State in this case. He is merely attempting to reach a fund and compel its distribution in an orderly and equitable manner. Complainant is relying upon the statute and seeking to correct a violation of the statute by others who have sought to overreach and defraud him. There is authority for the views here expressed. In *McMillan v. Joseph P. Casey Co.,* 231 Ill. App. 422, 429, it was held that: "An entire contract cannot be apportioned and the performance of it enforced in fragments. *Adler v. World's Pastime Exposition Co.,* 126 Ill. 373." It was further held in the same case:

"The articles in this case were furnished to Casey & Company to be used, it may be conceded, upon two separate sections of the road, but Casey & Company never did any work upon or became entitled to any pay for improving the second section. Casey & Company only worked upon subdivision A-1, and the fund in appellant's hands all grows out of one contract. The terms of the statute, section 23, seem to provide a lien to any person who has furnished material, apparatus or machinery for the section or contract, for which the said fund was the consideration, regardless of any prior contracts, and even if there had been no prior contract, express or implied, for the furnishing of said material and machinery, and we do not, therefore, concur in this assignment of error by appellant as applied to the facts in this case." And again the court holds in this case:

"The foreclosure of mechanic's liens is under the forms of equity and except as changed by statute,

should be according to the principles of equity." This case was affirmed in *McMillan v. Casey Co.*, 311 Ill. 584. The provisions of section 23 of the act involve the distribution of a public fund in equity. "The construction of section 23 is not governed by the construction given the provisions of the act relating to the enforcement of liens afforded against the owner's real estate." (*Alexander Lumber Co. v. Farmer City*, 272 Ill. 264.)

It has been held that where new cases arise out of the ordinary beaten track of equity, where the remedy at law would be inadequate, equity will not hesitate to give the proper specific relief merely because there is no precedent established. (*Dodge v. Cole*, 97 Ill. 338; *Curtiss v. Brown*, 29 Ill. 201; *Voris v. Sloan*, 68 Ill. 588; *Gavin v. Curtin*, 171 Ill. 640; *Warfield-Howell Co. v. Williamson*, 233 Ill. 487.) And it has been further held that courts of equity were established to protect and enforce equitable rights, as well as to administer equitable remedies, which courts of law were unable to grant, and whenever the primary right or interest to be maintained or enforced is purely equitable, created by equity and not by law, the jurisdiction of equity is exclusive. (*Jones v. O'Connell*, 266 Ill. 443; *Rhoten v. Baker*, 104 Ill. App. 653.) Equity will not suffer a wrong to be without a remedy, and it is held that the question whether notice served in a mechanic's lien case is a proper notice or whether it was properly served on the proper officials can only be raised by the party upon whom the notice must be served. (*McMillan v. Joseph P. Casey, supra; First National Bank of Chicago v. City of Elgin*, 136 Ill. App. 453; *Spalding Lumber Co. v. Brown*, 171 Ill. 487; *In re Danville Hotel Co., Inc.*, 33 F. [2d] 162.)

It is urged by appellant that when averments of the bill, upon which prayer for equitable relief is based, are not sustained by the proof, the court is without

jurisdiction to retain the cause for the purpose of adjudicating legal demands. (*Fleming v. Reheis,* 275 Ill. 132; *Hogg v. Hohmann,* 330 Ill. 589; *O'Donnell v. Henley,* 327 Ill. 406; *Brauer v. Laughlin,* 235 Ill. 265.) But in the opinion of this court the averments in the bill and cross-bill for equitable relief are fully sustained. The cross-bill avers matters that entitle appellee, the Nelson Construction Company, to equitable relief to avoid a multiplicity of suits, and we cannot agree with the contention of appellant that no consideration accrued to appellee, the Nelson Construction Company, by the written agreement to pay the Backs' claim. In consideration of that agreement, appellee Backs forbore to give notice of his claim until a large amount of the funds were withdrawn from the State treasury and until he discovered the fraud on the part of the Meyer Coal and Supply Company. Neither can appellant in this case raise the question of jurisdiction for the first time, not having demurred but having answered the bill and cross-bill, and by proofs submitted his cause to the chancellor. It was held in *Adams v. Crown Coal and Tow Co.,* 198 Ill. 445, at page 452:

"The appellee company cannot now be heard to here urge that the circuit court was without jurisdiction to enter the decree or order appealed from. The proceeding is in nature analogous to a bill of interpleader. The court had jurisdiction of equitable remedies of that nature. The parties voluntarily appeared and submitted their controversies to the court, and the court thereby became invested with jurisdiction of the persons of the litigants. None of the parties can be allowed to urge in a court of review, for the first time, that the proceeding was irregular in matter of pleading or form of procedure."

For the reasons stated, the decree of the circuit court of Jersey county is affirmed.

*Affirmed.*